Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | Crim. No. 14-266 |
| v. | OPINION & ORDER |
| YARIFF FIGUEROA-TORRES, | |
| *Defendant*. | |

**VAZQUEZ, DISTRICT JUDGE**

Pending before the Court is Defendant Yariff Figueroa-Torres' motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). D.E. 44 ("Br."). The government opposes the motion. D.E. 45 ("Opp."). The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, the Court denies the motion.

**I.   Background**

On May 13, 2014, Defendant pled guilty to an information charging him with a cocaine conspiracy in violation of 21 U.S.C. § 846. D.E. 33, 35. Defendant also entered into a plea agreement. D.E. 36. Defendant acknowledged that his base offense level under the United States Sentencing Guideline was 30 because his offense involved at least 3.5 kilograms but less than 5 kilograms of cocaine. *Id.* at 7. In addition, the Government agreed not to oppose a 2-level downward variance based on a proposed Guidelines amendment, which had yet been adopted by the United States Sentencing Commission. *Id.* at 8-9. Defendant also agreed to a limited waiver of certain rights, which provided in pertinent part as follows:

> YARIFF FIGEUROA-TORRES knows that he has and, except as noted below in this paragraph [pertaining to criminal history category], voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within of below the Guidelines range that results from a totals Guidelines offense level of 25.

*Id.* at 8.

Defendant was sentenced on December 16, 2014, and received the 2-level downward variance. Defendant's criminal history category was IV. In addition, at the time of the offense, Defendant was on "escape status from a sentence imposed" in 2006. PSR ¶ 41. As a result, Defendant was sentenced to 75 months of imprisonment followed by 5 years of supervised release. D.E. 40. The only special condition of supervised released imposed was that of alcohol and drug testing and treatment. *Id.*

After his release from federal prison, Defendant had to serve additional time due to a state detainer on an unrelated matter. Defendant began serving his supervised release on about July 5, 2019, and is currently scheduled to complete his term on about July 1, 2014.

Defendant filed the current motion after serving slightly over 2 years of his supervised release. Defendant indicates that the following reasons support his request: (1) he has made positive changes to lifestyle, (2) he has refrained from using alcohol and controlled substances, (3) he has a very good relationship with his wife and children, (4) he has engaged in positive social activity, and (5) he has started his own business. Br. at 2-3. Defendant continues that he is seeking early termination so that he "may travel to visit his family and seek to expand his company's service in different parts of the United States." *Id.* at 3.

In opposition, the Government asserts that Defendant's appellate waiver precludes him from seeking early termination. Opp. at 2. The Government also states that the interest of justice

does not support early termination. *Id.* at 4-5.

**II.    Legal Standard**

18 U.S.C. § 3583(e)(1) provides that, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the Court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3583(e)(1). The § 3553(a) factors the Court must consider are

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)); *accord United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). After considering those § 3553(a) factors, a district court may, in its discretion, terminate a period of supervised released if it is satisfied that such action "is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52. The court need not make specific findings of fact with respect to each factor – a statement that the court has considered the factors is sufficient. *Id.* (citing *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)).

Recently, in *Melvin*, the Third Circuit clarified that a district court is not required to find

extraordinary, compelling, or changed circumstances to justify an early termination of supervised release. *Id.* But, the Third Circuit made clear, that does not mean such circumstances are irrelevant to granting or denying a motion for early termination of supervised release. *Id*. The court in *Melvin* explained "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id*. The Third Circuit continued that "[w]e think that '[g]*enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (emphasis in original) (quoting *Davies*, 746 F. App'x at 89); *see also United States v. Szymanski*, No. 12-0247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release [.]").

### III. Discussion

The Court denies Figueroa-Torres' motion. The Court agrees with the Government that Defendant's appellate waiver prohibits his current motion in light of the Third Circuit's decision in *United States v. Damon*, 933 F.3d 269 (3d Cir. 2019). In *Damon*, the defendant entered into an appellate waiver identical to the one agreed to by Figueroa-Torres. *Id.* at 271. The district court sentenced Damon within the parameters of the appellate waiver, including a 5-year period of supervised release. *Id.* Damon then sought an early termination of his supervised release after approximately 32 months. *Id.* The Third Circuit analyzed Damon's plea agreement pursuant to contract law. *Id.* at 272 (citation omitted). The Circuit continued that a criminal "sentence" in the waiver "is commonly understood to encompass[] all penalties imposed on a defendant, which can include penalties beyond imprisonment." *Id.* at 273 (citation omitted). The Court in *Damon* added

4

that reading the sentence to include supervised release was consistent with the Circuit's prior decisions. *Id.* (citing *United States v. Goodson*, 544 F.3d 529, 535 (3d Cir. 2008)). As a result, the *Damon* court concluded, the defendant's waiver barred challenges to his supervised release. *Id.* at 274-25. In light of *Damon*, Defendant is prohibited from bringing his current motion as he was sentenced within the bounds of his appellate waiver.

Yet, even if the Court were to reach the merits of Defendant's motion, it would still conclude that he has not sufficiently shown that he is entitled to relief. Assuming the veracity of Defendant's facts, he has been able to refrain from drug and alcohol use, has become a good family man and member of his community, and has started a business. While laudable, such circumstances do not justify early termination in light of his criminal history, the facts of this matter, and the commission of the current offense while on escape status. In addition, Defendant fails to indicate why he is not able to achieve his two stated goals—visiting family and expanding his business—while on supervised release. The Government represents that Defendant is on low-intensive supervision, which requires only periodic check-ins and that he seek permission before traveling. Opp. at 5.

## IV. Conclusion

For the foregoing reasons, and for good cause shown,

IT is on this 10th day of January 2022 hereby

**ORDERED** that Defendant's motion for early termination of his supervised release, D.E. 44, is DENIED; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this Order & Opinion on Defendant by regular mail and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.